UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GHEZAE FISSIHA ARONE
(A-Number: 208 683 640),

Petitioner,

v.

WARDEN OF GOLDEN STATE ANNEX,
et al.,

Respondents.

No.  1:26-cv-05269-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Ghezae Fissiha Arone is an immigration detainee who was ordered removed to Eritrea in 2016, was subsequently released in 2016 on an Order of Supervision, and was then re-detained in 2026.  *See* Doc. 1 at ¶¶ 2–4, 10.  Petitioner asserts that his re-detention is unlawful under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *See* Doc. 1 at ¶¶ 25–30.  But 8 C.F.R. §§ 241.13(i) and 241.4(l) govern the re-detention of a noncitizen who has been released on an Order of Supervision, as addressed in *Le v. Warden*, No. 1:25-CV-01855-KES-EPG (HC), 2026 WL 757656, at *3 (E.D. Cal. Mar. 17, 2026).

Section 241.13(i) provides that ICE "may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  8 C.F.R. § 241.13(i)(2).  "[W]hen ICE revokes release to effectuate removal, it is [ICE's] burden to show a significant likelihood that the alien may be removed."  *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025).

1

Respondents do not identify any changed circumstance.  They state generally: "Based on the currently available information, ICE informed Petitioner that they believe they can remove Petitioner to Eritrea."[1]  Doc. 6 at 2.  But they do not dispute petitioner's assertion that "Eritrea does not cooperate with the United States for repatriation."  Doc. 1 at ¶ 5; *see* Doc. 6.  Respondents have not met their burden to show that there is a significant likelihood of removal in the reasonably foreseeable future.  Given petitioner's many years on release pursuant to an Order of Supervision and abrupt re-detention without the government establishing a significant likelihood of removal in the reasonably foreseeable future, the Court finds that petitioner is entitled to a pre-deprivation bond hearing prior to re-detention, as addressed in *Viengkhone S. v. Albarran*, 817 F. Supp. 3d 901, 911–14 (E.D. Cal. 2025).

Petitioner also asserts that his removal to a third country pursuant to a current ICE policy would violate due process.  *See* Doc. 1 at ¶¶ 52–62.  The policy provides that "[i]f the United States has received diplomatic assurances from the country of removal that aliens removed from the United States will not be persecuted or tortured, and if the Department of State believes those assurances to be credible, the alien may be removed without the need for further procedures." *See* ICE Policy Memorandum, *Third Country Removals Following the Supreme Court's Order in Department of Homeland Security v. D.V.D., No. 24A1153 (U.S. June 23, 2025)*, July 9, 2025, available at https://storage.courtlistener.com/recap/gov.uscourts.mad.282404/gov.uscourts.mad.282404.190.1. pdf.  The policy further provides that, "[i]n all other cases," ICE may still remove the noncitizen to the third country by following certain procedures.  *Id.*  Those procedures include that "ERO [Enforcement and Removal Operations] will not affirmatively ask whether the alien is afraid of being removed to the country of removal."  *Id.* (emphasis in original).[2]  For the reasons stated in *Viengkhone S. v. Albarran*, 817 F. Supp. 3d 901, 914–15 (E.D. Cal. 2025), the Court finds that

[1] Respondents acknowledge that, apart from this general assertion, "[t]here are no other currently available facts supporting SLRRFF (significant likelihood of removal in the reasonably foreseeable future)."  Doc. 6 at 2.

[2] Respondents assert that, "[a]t this point, there is no indication that DHS is pursuing removal to a third country."  Doc. 6 at 1 n.1.  But if ICE follows this policy, petitioner would not have a meaningful opportunity to present this claim in any court before he is removed.

this policy violates due process.

Accordingly, the petition for writ of habeas corpus is GRANTED.  Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or respondents demonstrate by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ENJOINED AND RESTRAINED from removing petitioner to any third country without first providing him with constitutionally compliant procedures, including:

1. Written notice to petitioner and counsel of the third country to which he may be removed, in a language that petitioner can understand, provided at least 21 days before any such removal;

2. A meaningful opportunity for petitioner to raise a fear of return for eligibility for protection under the Convention Against Torture, including a reasonable fear interview before a DHS officer;

3. If petitioner demonstrates a reasonable fear during the interview, DHS must move to reopen his underlying removal proceedings so that he may apply for relief under the Convention Against Torture; and

4. If it is found that petitioner does not demonstrate a reasonable fear during the interview, a meaningful opportunity, and a minimum of 15 days, for petitioner to seek to move to reopen his underlying removal proceedings to challenge potential third-country removal.

///

///

///

///

///

3

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:   July 25, 2026

_____
UNITED STATES DISTRICT JUDGE